IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY D. BROOKS, #1263641, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1001-P |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner for possession of a controlled substance with intent to deliver in the 204th Judicial District Court of Dallas County, Texas, in cause number F03-48416-KQ. *Ex parte Brooks*, No. 40,920-02, at 200. Petitioner pled true to the second enhancement paragraph, and the trial court assessed

punishment at twenty-five years imprisonment. *Id.* The Court of Appeals affirmed his conviction and sentence. *Brooks v. State*, No. 05-04-01544-CR (Tex. App. – Dallas, 2006, pet. ref.).

On July 12, 2007, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure. On March 19, 2008, the Texas Court of Criminal Appeals (TCCA) denied the writ without written order on the findings of the trial court without a hearing. *Ex parte Brooks,* No. 40,920-02, at cover and 2.

In his timely federal petition, filed on June 13, 2008, Petitioner raises four grounds for habeas relief: (1) he received ineffective assistance of counsel at trial; (2) he is actually innocent as a result of newly discovered evidence; (3) the evidence was insufficient to sustain his conviction; and (4) he received ineffective assistance of counsel on appeal.

In response to this court's order to show cause, Respondent filed an answer along with the state court record, arguing that Petitioner's claims should be denied with prejudice. Petitioner filed a reply challenging Respondent's arguments.

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's

2

unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *See also Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S. Ct. 1495 (2000). Failure to prove either prong forecloses relief. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

Fourth Amendment allegations underlie Petitioner's claim of ineffective assistance of trial counsel, as well as all claims raised in his federal petition. Counsel properly filed a motion to suppress the cocaine seized following an inventory search of the car. Petitioner now argues, that the initial stop of the vehicle violated the Fourth Amendment, hence all evidence seized as a result of the stop should be suppressed. (Pet's Reply at 5). Although the police officers stopped Petitioner for a traffic violation, they later ran a computerized check and were able to determine that he had an outstanding warrant, which became the basis for his arrest. *Brooks v. State*, No. 05-04-01544-CR, slip op. at 2. Under these circumstances, neither a traffic citation nor a motion to suppress the initial stop were required. Petitioner cannot demonstrate that his attorney's failure to raise essentially frivolous issues in the motion to suppress constituted objectively deficient performance under the Sixth Amendment.

Petitioner's remaining claims of ineffective assistance of counsel are conclusory at best. (Pet. at 7). He fails to provide any details in support of his contentions that counsel "failed to have a firm command of the fact and the governing law . . . failed to object to false evidence [and] improper shifting of the burden of proof," and "failed to request applicable jury instructions and more." (*Id.*). Accordingly, these claims should be denied. *Ross* v. *Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (mere conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding).

Next, Petitioner asserts that he is actually innocent of the offense as a result of newly discovered evidence. It is settled in the Fifth Circuit that "actual innocence is not an independently cognizable federal-habeas claim." *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006). Moreover, Petitioner cannot show that he has reliable new evidence that establishes he is actually innocent of the underlying crime. *See Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851 (1995). A jury found him guilty on the evidence presented against him. He has provided no new evidence which exonerates him. It is clear that the return of the $897.00 – seized from his pocket after his arrest, and presented at trial as "drug money" – does not constitute new evidence.[1]

Petitioner also challenges the sufficiency of the evidence. Respondent correctly notes that Petitioner did not fairly present his sufficiency of the evidence claim to the TCCA in a procedurally correct manner. Petitioner only challenged the factual sufficiency of the evidence on direct appeal, *see Brooks v. State*, No. 05-04–01544-CR, slip op. at 6-8, and the trial court specifically found that "sufficiency issues are not cognizable on habeas application." *Ex parte Brooks*, No. WR-40,920-02, at 190.[2] Since the TCCA denied the state writ on the findings of the

---

[1] An actual innocence claim carries a heavy burden:
To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."
*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001);

[2] Legal sufficiency of the evidence is a separate and distinct legal theory from factual insufficiency. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). *See, e.g., Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002) (federal courts do not recognize factual insufficiency of the evidence as a valid basis for federal habeas relief).

4

trial court without hearing, it adopted that procedural reason for not considering the sufficiency-of-the-evidence claim. *See West v. Johnson,* 92 F.3d 1385, 1398, n. 18 (5th Cir.1996) (recognizing state procedural bar when sufficiency of the evidence claim is raised only in state habeas petition)). Thus, Petitioner has procedurally defaulted his sufficiency-of-the-evidence claim.

To overcome a procedural default, Petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice. *Smith v. Johnson,* 216 F.3d 521, 524 (5th Cir.2000) (quoting *Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir.1997)). Petitioner has not attempted to overcome the procedural bar. Even when liberally construed, his pleadings do not show cause for failing to raise sufficiency of the evidence claim to the TCCA. Nor can he establish that he is actually innocent of his offense. Accordingly, the procedural default doctrine bars federal habeas relief on his legal sufficiency-of-the-evidence claim.

In his last ground, Petitioner argues he received ineffective assistance of appellate counsel. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989); *see also Jones v. Barnes,* 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14 (1983). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000).

Petitioner asserts that counsel "skipped over all the core-meritorious issues and allowed the trial court to circumvent addressing the suppression issue" and "the fact that the basis for [his] arrest was illegal and the court abused its discretion by [sic] denying the motion to suppress." (Pet. at 8). As discussed above, since Petitioner's arrest was pursuant to a valid

warrant, neither a traffic citation nor a motion to suppress the initial stop was required. It, thus, follows that appellate counsel was not ineffective for failing to raise these frivolous issues on direct appeal. Moreover, appellate counsel vigorously argued on appeal the Fourth Amendment issues stemming from the inventory searches (which led to the discovery of the cocaine and the digital scale) and the denial of the motion to suppress.

Petitioner has failed to show that the state court's decision rejecting his claims was contrary to or an unreasonable application of clearly established federal law. Therefore, the petition should be denied.

Likewise, Petitioner's request for an evidentiary hearing (*see* November 6, 2008 Objection/Reply) should be denied. Petitioner was afforded a full and fair opportunity to develop and litigate his claims for relief during his state habeas corpus proceeding. Petitioner has presented this court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding. Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims. Under these circumstances, Petitioner is not entitled to a federal evidentiary hearing to further develop the facts supporting his claims. 28 U.S.C. § 2254(e)(2).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus and Petitioner's motion for an evidentiary hearing be DENIED.

Signed this 15th day of December, 2008.

_WM. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.